PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. EUGENIO RUIZ, Defendant and Appellant.

No. 4787. Argued June 16, 1932.—Decided July 29, 1932.

*González Fagundo & González, Jr.,* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Appellant submits that the district court erred in refusing to strike a part of the testimony of a local health officer concerning a license to sell milk and concerning a bond executed by defendant. This witness testified that Eugenio Ruiz was the owner of a certain milk stall. On motion of defendant this was stricken from the record. The contention of defendant, sustained by the trial judge, was that the license should be produced. The witness then said that the license was posted in the milk stall; that the license had been delivered to the owner of the stall and the only evidence in the possession of witness was contained in a stub book, and that there was no other copy. In answer to questions by counsel for defendant, witness stated· that he had issued the license to Eugenio Ruiz on execution and approval of a bond for $1,000, but delivered the license to Ramón Ruiz, who was in charge of the stall, as the representative of Eugenio Ruiz; and that Eugenio Ruiz did not live in the town and his representative in town, Ramón Ruiz, applied for the license. Defendant moved to strike this testimony. The court refused to strike the statement that the license for the stall had been issued in the name of Eugenio Ruiz. In this we find no error.

On July 16, 1931, Eugenio Ruiz made an affidavit that Fernando García was one of his employees. The adulterated milk was found in the possession of García on August 11th. When the affidavit was offered in evidence, defendant objected on the ground that it was immaterial and irrelevant. The admission of the affidavit in evidence is assigned as error. Subdivision 31 of section 102 of the Law of Evidence declares, as one of the disputable presumptions there enumerated, ''that a thing once proved to exist continues as long as is usual with things of that nature.'' The continuance of the relationship between an owner of a milk stall and his employees from the 16th of one month to the 11th of the next is not unusual. The affidavit was not immaterial nor irrelevant.

Other assignments are that the district court erred in overruling a motion for nonsuit and in convicting defendant of having for sale adulterated milk intended for human consumption. The affidavit above mentioned stated that affiant was engaged in ''the business of milk for human consumption'' and that his ''employees and distributors'' were Ramón Ruiz and Fernando García. The latter was carrying three quart bottles of milk and an additional quantity in an olive bottle. Defendant was in the business of supplying milk for human consumption. García was employed as a distributor of such milk. The inference is that the milk found in his possession was for sale and was being distributed for human consumption. García himself testified as a witness for defendant that the milk was for sale. His statement was, more specifically, that the milk was his and that he had bought it for resale. He also testified that he was not in the employ of Ruiz at the time the samples were taken. García had pleaded guilty as a codefendant but because of his tender years no sentence was imposed. His testimony as a witness for defendant was so self-contradictory and so manifestly untrustworthy that it was not entitled to serious considera-

tion and did not weaken in any way the prima facie case established by the prosecution.

The judgment appealed from must be affirmed.